IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARLON LAMON HOODYE, <br> (TDCJ-CID #01146450) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § § § § § § § § § § § §  CIVIL ACTION NO. H-15-0588 |

## MEMORANDUM AND OPINION

The petitioner, Marlon Lamon Hoodye, a Texas state inmate, sues under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). A district court may examine habeas petitions before an answer or other responsive pleading is filed, *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999); 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes. A review of Hoodye's petition shows that he has not stated a valid basis for federal habeas relief. Because this case cannot proceed further, an order of dismissal is separately issued.

The petition alleges that on November 17, 2014, officials at the Ferguson Unit held a hearing in disciplinary case 20150082382. The hearing officer found Hoodye guilty of possessing a cell phone. (Docket Entry No. 1, Federal Petition, p. 5). Hoodye's petition did not identify the punishment he received. (Docket Entry No. 1, Federal Petition, p. 1). On

March 5, 2015, this court received Hoodye's federal petition, in which he contends that the disciplinary conviction is void because he was denied due process. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

Procedural protections for disciplinary convictions in prisons differ from such protections for other types of criminal convictions because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Only punishments that affect the duration of imprisonment or that "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" give rise to a "protected liberty interest" that would entitle the inmate to additional procedural protections. *Sandin v. Conner,* 515 U.S. 472, 486 (1995). Punishment consisting of administrative segregation or the loss of the opportunity to earn good-time credits does not trigger due-process rights. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995); *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). Commissary and cell restrictions do not trigger due-process rights. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time credits does give rise to due-process rights if a prisoner is eligible for release on mandatory supervision and it is delayed, but not if the claim is that the loss of good-time credits affects release on parole. *Sandin*, 515 U.S. at 487; *Madison v. Parker*, 104 F.3d at 769.

Hoodye indicates that he did not lose good-time credits. (Docket Entry No. 1, Federal Petition, p. 5). Restrictions on Hoodye's privileges do not implicate due process. Hoodye's

federal petition does not present a basis for the relief he seeks, and it is dismissed. Hoodye's constructive motion for leave to proceed as a pauper, (Docket Entry No. 1), is granted. Any remaining pending motions are denied as moot.

Although Hoodye has the right to appeal, this court will not issue a certificate of appealability. The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). Hoodye has not made the necessary showing.

SIGNED on March 27, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge